UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:08-CR-00017-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| GERARDO CRUZ-CASTRO and ) | |
| PEDRO VELASQUEZ ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendant Pedro Velasquez's Motion in Limine (#44[1]). Defendant is charged with possessing controlled substances with intent to distribute. Defendant's motion asks this court to exclude from trial anticipated testimony of Nevada Highway Patrol Trooper Bill Murwin. The anticipated testimony reads as follows:

Mr. Velasquez:   "I do this because I make more money here than Honduras."

Trooper Murwin: I asked him what he meant.

Mr. Velasquez:   "I work there for very little."

Trooper Murwin: Velasquez spoke broken English with thick Spanish accent and some of his words were unintelligble. . . . Velasquez continued he had been in the Jail in L.A. for ten years. I asked him for what.

---

[1] Refers to the court's docket

1    Mr. Velasquez:    "Too many DUI's."

2    Defendant argues this testimony should be excluded because it is irrelevant and unduly
3 prejudicial.  The court disagrees.

4    The court first considers Defendant's argument that the anticipated testimony should be
5 excluded because it is irrelevant.  Federal Rule of Evidence 402 reads, "All relevant evidence is
6 admissible . . . ."  Federal Rule of Evidence 401 defines "relevant evidence" as it is used in Rule
7 402: "'Relevant evidence' means evidence having any tendency to make the existence of any fact
8 that is of consequence to the determination of the action more probable or less probable than it
9 would be without the evidence."

10    The anticipated testimony is relevant under Rule 401 because the statement "I do this
11 because I make more money here than Honduras" tends to show that Defendant was aware he was
12 doing something involving commerce.  Given that the statement purportedly occurred after
13 Murwin found controlled substances in Defendant's presence, one could also reasonably conclude
14 that this "something involving commerce" was distributing controlled substances.  While
15 Defendant argues that Murwin's anticipated testimony is ambiguous and unreliable, these
16 arguments go to the weight of the evidence not its admissibility.

17    Next, the court considers Defendant's argument that the anticipated testimony is unduly
18 prejudicial.  Federal Rule of Evidence 403 provides, "Although relevant, evidence may be
19 excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
20 confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,
21 or needless presentation of cumulative evidence."

22    Defendant argues that because the anticipated testimony is ambiguous, it should be
23 excluded to avoid the risk a jury would find the testimony does infer involvement with controlled
24 substances.  Defendant also argues that "there is no way of curing the statement's inherent
25 unreliability because Mr. Velasquez has a right to stand silent and cannot be cross-examined."

26

1  (Mot. in Limine (#44) at 6:2-5.)  Defendant's contentions are without merit.

2     The Fifth Amendment prevents the government from extracting statements of self-condemnation.  *See Couch v. United States*, 409 U.S. 322, 327 (1973); *see also id.* at 328 ("The Constitution explicitly prohibits compelling an accused to bear witness 'against himself': it necessarily does not proscribe incriminating statements elicited from another.").  Here, by contrast, Defendant attempts to use the Amendment as a sword to prevent the Government from presenting evidence that is, while damaging to Defendant, probative of the Government's case.  This damaging effect upon a defendant's case is not the kind of prejudice that Rule 403 is referring to.  Rather, Rule 403 is designed to prevent "unfair" prejudice to a party.  *See* Fed. R. Evid. 403.  *See United States v. Munoz*, 36 F.3d 1229, 1233 (1st Cir. 1994) ("The damage done to the defense is not a basis for exclusion; the question under Rule 403 is one of 'unfair' prejudice–not of prejudice alone.") (internal quotation marks omitted).  No unfairness is present in the instant case, as Defendant is free to cross-examine Murwin regarding the anticipated testimony or offer Defendant's own account.  Thus, Defendant has not shown how admission of the evidence could result in unfair prejudice to him as Rule 403 requires.

   IT IS THEREFORE ORDERED that Defendant Pedro Velasquez's Motion in Limine (#44) is DENIED.

   IT IS SO ORDERED.

   DATED this 26th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3