UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                              )<br>        Plaintiff,                      )<br>                                              )<br>v.                                          )<br>                                              )<br>PEDRO VELASQUEZ,            )<br>                                              )<br>        Defendant.                  )<br>_____) | 3:08-CR-00017-LRH-RAM<br><br><u>ORDER</u> |

Before the Court is Defendant Pedro Velasquez's ("Velasquez") Motion to Vacate, Set Aside, Correct, or Amend Sentence by a Federal Prisoner Pursuant to 28 U.S.C. § 2255. Doc. #139.[1]  The United States filed a Response (Doc. #141), to which Velasquez did not reply. Thereafter, the United States filed a Notice of Supplemental Authority (Doc. #142), to which Velasquez did not reply.

I.  **Factual Background**

Following a jury trial, Velasquez was convicted of possessing with the intent to distribute approximately 126 grams of a mixture or substance containing heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and 18 U.S.C. § 2; and possessing with the intent to distribute approximately 236 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. § 2.  Doc. #20; Doc. #85.  On May 26, 2009,

---

[1] Refers to the Court's docket number.

the Court sentenced Velasquez to ten years' imprisonment, the statutory minimum sentence for cocaine base offenses. Doc. #105. Velasquez appealed, and on April 30, 2010, the Ninth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion. *United States v. Cruz-Castro et al.*, 378 Fed. Appx. 632 (9th Cir. 2010). On October 4, 2010, the Supreme Court of the United States denied Velasquez's petition for a writ of certiorari. Doc. #129. On January 2, 2013, Velasquez, acting *pro se*, filed the instant Motion before the Court. Doc. #139. Pursuant to the Court's January 10, 2013 Order (Doc. #140), the United States filed a Response on January 31, 2013. Doc. #141. On April 4, 2013, the United States filed a Notice of Supplemental Authority. Doc. #142.

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, correct, or amend a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005). In his Motion, Velasquez asserts that the Court should vacate his sentence because, although the statutory minimum sentence for his offense of conviction was ten years imprisonment when he was sentenced, the Fair Sentencing Act ("FSA"), which took effect on August 3, 2010, lowered that statutory minimum sentence to five years imprisonment. *See* Doc. #139, p. 5. The Court, therefore, "might have imposed a lower sentence if the [five]-year new mandatory minimum would have applied at [his] sentencing." *Id.*

Velasquez does not dispute that the one-year limitation period within which to file a motion pursuant to 28 U.S.C. § 2255 expired on October 4, 2011. Doc. #139, p. 2. Instead, Velasquez argues that his Motion is timely because the one-year limitation period specified in 28 U.S.C. § 2255(f) did not begin to run until the Supreme Court announced its decision in *Dorsey v. United States*, 132 S.Ct. 2321 (2012), on June 21, 2012. *Id.* at 3. Indeed, 28 U.S.C. § 2255(f)(3) provides

that the one-year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Dorsey*, the Supreme Court held that the more lenient penalties of the FSA apply to offenders who committed their crimes before, but were sentenced after, the effective date of the Act. 132 S.Ct. at 2335. Thus, *Dorsey* did not decide the specific issue raised in Velasquez's Motion. Nevertheless, Velasquez's position is foreclosed by *United States v. Augustine*, in which the Ninth Circuit joined the other courts of appeals that have "rejected the argument that *Dorsey* requires retroactive application of the FSA's mandatory minimums to those sentenced before the Act's passage." 712 F.3d 1290, 1295 (9th Cir. 2013). Velasquez was sentenced on May 26, 2009, prior to the FSA's effective date of August 3, 2010. Accordingly, his Motion is untimely under 28 U.S.C. § 2255(f).

IT IS THEREFORE ORDERED that Velasquez's Motion to Vacate, Set Aside, Correct, or Amend Sentence by a Federal Prisoner Pursuant to 28 U.S.C. § 2255 (Doc. #139) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE